UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Public Works, Inc.,

    Plaintiff,

-vs-

Alison Sirico d/b/a Public Works Administration, and Adeel Mirza a/k/a Sam Black d/b/a Public Works Administration,

    Defendants.

---

**COMPLAINT**

Case No.: 1:23-cv-394

Plaintiff, Public Works, Inc. ("Public Works" or "Plaintiff"), for its Complaint against Defendants Alison Sirico d/b/a Public Works Administration and Adeel Mirza a/k/a Sam Black d/b/a Public Works Administration ("Defendants"), by and through its undersigned counsel, alleges upon information and belief:

## NATURE OF THE ACTION

1. This action is for trademark infringement and unfair competition arising under federal, state, and common law.

2. Plaintiff Public Works is the owner of the federally registered trademark, "PUBLIC WORKS" ("PUBLIC WORKS," or the "Mark"), for use in connection with a brick-and-mortar art gallery as well as an online art gallery and retail store. Public Works has spent more than a decade and substantial funds using the Mark to promote its galleries, drive attendance, and make related sales.

3. These efforts have led to wide recognition in the art world, including online.

4.  Upon information and belief, Defendant opened and is operating an art gallery in Times Square under the name "Public Works Administration," thereby passing itself off as akin to or associated with Public Works.

5.  Public Works therefore commences this action to, *inter alia*, (a) preliminarily and permanently enjoin Defendant's infringing use of the term "Public Works Administration," and any and all other confusingly similar variations of the same; and (b) obtain damages arising from Defendant's efforts to benefit itself from the goodwill and identity Public Works worked tirelessly to develop.

## PARTIES

6.  Plaintiff is a corporation organized and existing under the laws of Illinois, having its principal place of business at 2141 W. North Avenue, Chicago, Illinois 60647.

7.  Plaintiff is the owner of the federally registered trademark, PUBLIC WORKS. A copy of Plaintiff's trademark Registration is attached hereto as **Exhibit A**.

8.  Upon information and belief, Defendants Alison Sirico and Adeel Mirza a/k/a Sam Black are individual residents of the State of New York who jointly transact business under the fictitious name of "Public Works Administration."

9.  Upon information and belief, Defendants transact business under the fictitious name of "Public Works Administration." within the State and District at 1627 Broadway, New York, New York 10019.

10. Upon information and belief, Defendants have failed to file a fictitious name certificate with the State of New York or the County Clerk' Office, located within this District.

**JURISDICTION AND VENUE**

11. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and Section 39 of the Trademark Act of 1946, as amended (15 U.S.C. § 1121) and the principles of pendent and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

12. Defendants are each subject to personal jurisdiction in this District because Defendants conduct business transactions within this District and such conduct has caused injury to Plaintiff in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this District and a substantial part of the events giving rise to the claims asserted herein occurred or had effects in this District.

**FACTS UNDERLYING THE CAUSES OF ACTION**

A. *Plaintiff's Trademark and the Public Works Gallery*

14. Public Works is the owner of Trademark No. 5,285,721. *See* Exhibit A.

15. The PUBLIC WORKS Mark was first in use on September 30, 2009, and applies to use as an art gallery.

16. Since 2009, the PUBLIC WORKS Mark has been used by Plaintiff on and in connection with its art gallery, art gallery shop, and online presence (at the Domain https://publicworksgallery.com/).

17. In September 2022, Plaintiff filed an Affidavit for Incontestability with the United States Patent and Trademark Office.

18. Public Works is an art and design gallery and storefront.

19. Public Works develops topical art and design exhibitions and product releases, with new art, design, and products released throughout the year.

20. Public Works displays artwork in its store and online that visitors and customers can purchase.

21. It also sells novelty items related to current art and exhibitions using the Mark.

22. Plaintiff has promoted and advertised its gallery in publications and online using the Mark.

23. Plaintiff has taken all appropriate steps to protect the Mark.

24. Plaintiff has achieved a presence in the market using the Mark such that members of the trade and the public have associated, and will continue to associate, any and all artwork and gallery products and events identified by the Mark as originating from a single source. Accordingly, the Mark has become synonymous with and distinctive of the Public Works art gallery.

25. As a result of Plaintiff's extensive and longstanding use and promotion of a gallery with the Mark, as well as the quality and public recognition of the Public Works gallery, the Mark has acquired value as designating quality, thoughtful, and valuable art and gallery events.

26. As a result of Plaintiff's reputation, and its expenditures and efforts to promote the Public Works brand and gallery, the Mark is famous and has come to signify the high quality of Public Works' gallery, services, and all related goods and services, including but not limited to prints, publications, merchandise, and programs.

27. Plaintiff has statutory and common law rights in the Mark.

B. *Defendants' Infringing Gallery*

28.   Upon information and belief, Defendants have been and presently are using terms that include, but are not limited to PUBLIC WORKS ADMINISTRATION, as a name and to promote the art gallery ("Infringing Gallery").

29.   Upon information and belief, the Infringing Gallery is located in New York City and more specifically, in the 50th Street train station in Times Square; a location traversed by millions of people from all over the world.

30.   Defendants' impermissible and illegal use of the Mark is visible on Defendants' storefront and was recently visible throughout the United States in the Season 3, Episode 5 of the NBC prime time Network television show Law & Order: Organized Crime, which debuted on October 27, 2022.

31.   The Infringing Gallery can further be found online worldwide by information contained on its webpage (https://www.publicworksadministration.com/), its Instagram account (@publicworks_nyc), and its Twitter account (@PublicWorks_NYC) (collectively the "Infringing Domains").

32.   The Infringing Domains contend that "PWA is Sam Black and Alison Sirico."

33.   Plaintiff's registered Mark is:

# PUBLIC WORKS

34. Defendant's Infringing Gallery is advertised using:



35. Upon information and belief, Defendants are using the Infringing Domains to promote and sell the very same types of products that Plaintiff promotes and sells to its customers under the Mark.

36. Upon information and belief, Defendants' acts described herein have been committed willfully and with full knowledge of Plaintiff's rights, and with the intention of deceiving the public and misleading the trade and public, and of wrongfully trading on the goodwill and reputation of Plaintiff and the Mark.

37. Defendants' use of the Mark has already caused consumer confusion and is likely to continue to cause confusion among consumers who are likely to believe that Defendants' art gallery and store is affiliated with or sponsored by Plaintiff.

38. By its acts, Defendants have caused, and unless restrained by the Court, will continue to cause, irreparable injury and damage to Plaintiff and its Mark.  Defendants' actions described herein have caused and will continue to cause injury to the public as well.

6

## COUNT I

### (Trademark Infringement Under the
### United States Trademark Act (15 U.S.C. § 1114))

39. Plaintiff restates and re-alleges the foregoing paragraphs as if fully stated herein.

40. Plaintiff's use of the Mark long predates Defendant's alleged use of the term "Public Works Administration" in the United States.

41. Upon information and belief, with full knowledge of Plaintiff's PUBLIC WORKS Mark and the goodwill that Plaintiff has developed through the Mark, Defendants willfully and intentionally used the term "Public Works" to promote and operate the Infringing Gallery.

42. Defendants' acts complained of herein constitute infringement of Plaintiff's federally registered Mark, in violation of § 32 of the United States Trademark Act (15 U.S.C. § 1114).

43. Defendants' acts complained of herein constitute willful, deliberate, and intentional infringement of Plaintiff's federally registered Mark, in violation of § 32 of the United States Trademark Act (15 U.S.C. § 1114).

44. Defendants' infringing acts have caused, and unless enjoined, will continue to cause Plaintiff to suffer irreparable injury and damage for which there is no adequate remedy at law.

45. Based upon the foregoing, Plaintiff has suffered and is entitled to damages in an amount to be proven at trial, but which is believed to exceed one million dollars ($1,000,000.00), plus treble damages, injunctive and other equitable relief, and attorneys' fees and costs as allowed by law.

## COUNT II

### (Unfair Competition and False Designation of Origin (15 U.S.C. § 1125))

46. Plaintiff restates and re-alleges the foregoing paragraphs as if fully stated herein.

47. Defendants' unauthorized use of the term PUBLIC WORKS constitute false designation of origin and false and misleading descriptions or representations as to products or services made available by Defendants, as well as unfair competition, in violation of § 43(a) of the Trademark Act (15 U.S.C. § 1125(a)).

48. Defendants' infringing acts have caused, and unless enjoined, will continue to cause Plaintiff to suffer irreparable injury and damage for which there is no adequate remedy at law.

49. Based on the foregoing, Plaintiff has suffered and is entitled to damages in an amount to be proven at trial, but which is believed to exceed one million dollars ($1,000,000.00), plus treble damages, injunctive and other equitable relief, and attorneys' fees and costs as allowed by law.

## COUNT III

### (Trademark Dilution (15 U.S.C. § 1125(c))

50. Plaintiff restates and re-alleges the foregoing paragraphs as if fully stated herein.

51. Defendants' acts described above constitute dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52. Plaintiff has a valid and protectable registered right in the Mark dating from the 2017 filing date for its first application to register PUBLIC WORKS.

53. Plaintiff has used the Mark in the United States since at least as early as 2009.

54. The Mark is widely recognized by the general consuming public of the United States as a designation of source for Plaintiff's goods and services.

55. As such, they are famous, and were famous prior to Defendants' first use of the Mark for art gallery and related services.

56. Upon information and belief, Defendants had actual knowledge of Plaintiff's ownership and use of the Mark before 2022.

57. Defendants' unauthorized use of the Mark as alleged above is likely to impair the distinctiveness of the Mark and to harm the reputation of the Mark.

58. Such impairment and harm constitute dilution in violation of 15 U.S.C. § 1125(c).

59. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts.

60. Upon information and belief, Defendants acted willfully to usurp Plaintiff's rights, with full knowledge of and intent to cause harm to Plaintiff, and Defendants should be held liable to Plaintiff for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## **COUNT IV**

### **(Trademark Dilution (N.Y.G.B.L. § 360-L)**

61. Plaintiff restates and re-alleges the foregoing paragraphs as if fully stated herein.

62. Plaintiff possesses a valid, registered, and enforceable trademark; i.e., Mark.

63. Defendants' conduct as described herein, including use of the Mark, is likely to cause injury to Plaintiff's business reputation.

64. Further, Defendants' conduct as described herein, including use of the Mark, is likely to dilute the distinctive quality of Plaintiff's Mark.

65. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, is suffering, and will continue to suffer infringement of its Mark.

66. Based upon the foregoing, Plaintiff is entitled to injunctive relief.

## COUNT V

### (Deceptive Trade Practices (N.Y.G.B.L. § 349))

67. Plaintiff restates and re-alleges the foregoing paragraphs as if fully stated herein.

68. Defendants' conduct as described herein, including use of the Mark, was consumer oriented.

69. Defendants use the Mark on their gallery display, and advertises on its storefront and online using the Mark.

70. Defendants' use of the Mark is directed to the consuming public and the marketplace.

71. Defendants' use of the Mark was and is deceptive or misleading in a material way.

72. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts.

73. Based on the foregoing, Plaintiff has suffered and is entitled to damages in an amount to be proven at trial, but which is believed to exceed one million dollars ($1,000,000.00), plus treble damages, injunctive and other equitable relief, and attorneys' fees and costs as allowed by law.

## COUNT V

### (Unfair Competition (Under New York Common Law))

74. Plaintiff restates and re-alleges the foregoing paragraphs as if fully stated herein.

75. Defendants' use of the Mark overtly and explicitly misrepresents the source of the art and other goods and services in Defendants' gallery.

76. Further, Defendants' use of the Mark misappropriates the results of the skill, expenditures, and labors of Plaintiff.

77. Defendants' acts described above constitute unfair competition under the common law of the State of New York.

78. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts.

79. Unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

## COUNT VI

**(Trademark Infringement (Under New York Common Law))**

80. Plaintiff restates and re-alleges the foregoing paragraphs as if fully stated herein.

81. Plaintiff has valid and protectable registered rights in the Mark dating from the 2017 filing date for its first application to register PUBLIC WORKS.

82. Plaintiff has used the Mark in the United States since at least as early as 2009.

83. These rights pre-date Defendants' use of the Mark for art gallery and related services.

84. Upon information and belief, Defendants had actual knowledge of Plaintiff's ownership and use of the Mark prior to 2022.

85. Defendants' unauthorized use of the Mark as alleged above is likely to cause consumers to believe that there is a relationship between Defendants and Plaintiff and/or that Defendants' art gallery and services are provided by Plaintiff.

86. Defendants' acts described above constitute willful trademark infringement under the common law of the State of New York.

87.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts.

88.     Based on the foregoing, Plaintiff has suffered and is entitled to damages in an amount to be proven at trial, but which is believed to exceed one million dollars ($1,000,000.00), plus treble damages, injunctive and other equitable relief, and attorneys' fees and costs as allowed by law.

WHEREFORE, Plaintiff prays for judgment as follows:

1.      That judgment be entered in favor of Plaintiff on all causes of action set forth herein, including finding Defendants to have engaged in acts of trademark infringement, trademark dilution, deceptive trade practices, and unfair competition, all in violation of federal, state, and common law as alleged;

2.      That Defendants, including its officers, agents, employees, attorneys, representatives, successors and assigns, and all persons in privity or acting in concert with Defendants be preliminarily and permanently enjoined and restrained from directly or indirectly:

   a.   Using in any manner, or holding themselves as having rights to use, the terms "PUBLIC WORKS," or any other name, mark, designation, or internet domain name confusingly similar to Plaintiff's PUBLIC WORKS Mark to identify, designate, describe, or refer to itself, or any goods it offers;

   b.   Using the terms "PUBLIC WORKS," or any other name, mark, designation, or internet domain name confusingly similar to Plaintiff's PUBLIC WORKS Mark to render, offer, sell, advertise, or promote, any goods or services;

       c.      Making any statement or representation whatsoever, or using any false designation of origin or false description or false representation, or performing any act, which can or is likely to cause confusion, mistake, or to deceive, or otherwise mislead the trade or public into falsely believing that Plaintiff and Defendants are one and the same or that there is an affiliation between Plaintiff and Defendants or the products and services they offer; and

       d.      Engaging in any other activity constituting unfair competition with Plaintiff.

3.      That Defendants be required to assign the internet domain name registration for publicworksadministration.com, and any and all iterations thereof, to Plaintiff;

4.      That Defendants be required to compensate Plaintiff for the damages suffered as a result of the actions complained of herein, in an amount to be proven at trial, but which are believed to exceed one million dollars ($1,000,000.00);

5.      That Defendants be required to account to Plaintiff for any and all profits gained by Defendants through the use of the terms "PUBLIC WORKS," or any other name, mark, designation, or internet domain name confusingly similar to Plaintiff's PUBLIC WORKS Mark;

6.      That Plaintiff be awarded treble damages and prejudgment interest;

7.      That Plaintiff be awarded costs of this action and its reasonable attorneys' fees incurred herein; and

8.      That Plaintiff obtain such other and further relief as this Court may deem just and proper.

DATED: Buffalo, New York
January 17, 2023

**LIPPES MATHIAS LLP**

s/Richard M. Scherer, Jr.
Richard M. Scherer, Jr., Esq.
*Attorneys for Plaintiff*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
E: rscherer@lippes.com

DATED: New York, New York
January 17, 2023

s/Scott E. Thompson
Scott E. Thompson
*Attorneys for Plaintiff*
260 Madison Avenue
17th Floor
New York, New York 10016
P: 332-345-4500, extension 1459
E: sthompson@lippes.com