ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PUBLIC WORKS INC.,

                              Plaintiff,

             - against -

PUBLIC WORKS ADMINISTRATION LLC,
ADEEL MIRZA d/b/a PUBLIC WORKS
ADMINISTRATION a/k/a SAM BLACK,
ALISON SIRICO d/b/a PUBLIC WORKS
ADMINISTRATION,

                              Defendants.

23 Civ. 00394 (LLS)

OPINION & ORDER

     Plaintiff Public Works Inc. ("Public Works"), is an art
gallery that has a federal trademark for a logo stating, "Public
Works." Public Works filed this Amended Complaint, alleging that
defendant Public Works Administration ("PWA"), owned and
operated by defendants Alison Sirico and Adeel Mizra a/k/a Sam
Black ("Black"), is an art gallery that advertises itself with
an identical logo that also states, "Public Works." Public Works
brings claims against PWA, Sirico, and Black for trademark
infringement under 15 U.S.C. § 1114; false designation of origin
under 15 U.S.C. § 1125(a); trademark dilution and deceptive
trade practices under New York law; and unfair competition and
trademark infringement under New York common law. Sirico and

1

Black move to dismiss, arguing that this Court lacks personal jurisdiction over them and that they are not liable for any claims against PWA. Sirico, Black and PWA all argue that the Amended Complaint must be dismissed because PWA is not an art gallery, the logos are not identical, and Sirico and Black did not know that Public Works's logo existed.

### Facts

The following facts are alleged in the Amended Complaint (the "Am. Comp.") and are accepted as true for the consideration of this motion.

Plaintiff Public Works is an art gallery founded in 2009, which has been "covered widely in the press, including on ABC, NBC, WGN, Timeout, The Reader, Chicago Tribune, Pitchfork, New City, Rolling Stone, Spin, Bad at Sports, 60 Inches from Center, and This is Colossal" and hosted several prominent media figures, artists, and designers. Am. Comp. (Dkt. No. 27) at ¶ 23. Public Works owns a federally registered trademark, "PUBLIC WORKS" (the "Mark"), for use in connection with an art gallery and an online art gallery, issued on September 12, 2017, and a retail store, issued on May 3, 2022. Id. at ¶ ¶ 2, 29, 32. Public Works has a pending trademark registration for the Mark for streaming and publishing services. Id. at ¶ 34.

Public Work's registered Mark is:

# PUBLIC WORKS

The Amended Complaint alleges that PWA is an art gallery[1] in New York City's Times Square, operated by defendants Sirico and Black. Id. at ¶¶ 40-41. PWA provides a public space for visitors to visit displays of non-fungible tokens ("NFTs"), which are unique digital items secured by blockchain technology. Id. at ¶¶ 42-43.

PWA advertises itself with the following mark:



PWA operates a website, www.publicworksadministration.com, a twitter account, @publicworks_nyc, and an Instagram account, @PublicWorks_NYC, (the "PWA domains"), which identify Black as "the Producer" of PWA. Id. at ¶45, 52. The Amended Complaint alleges the PWA domains state that "PWA is Sam Black and Alison Sirico," and that Sirico holds herself out on her personal

---

[1] Defendants strongly object to the labeling of PWA as an "art gallery."

3

Instagram account as the "Art Director/Cofounder" of @publicworks_nyc, on which she posts photos with captions such as, "'the gallery I co-run with [Mirza]' and 'Our new gallery, @publicworks_nyc, is literally underground…in the subway station. The first show "In Transit" features work' by various artists." Id. at ¶ ¶ 46-47, 49-50 (alteration in the original).

Public Works alleges that PWA sells and promotes the same products as Public Works and that PWA, Black, and Sirico have willfully infringed on Public Work's Mark with the intention of deceiving the public and are wrongfully trading on the goodwill and reputation of Public Works. Id. at ¶¶ 58, 59. Public Works further alleges that PWA's actions have already "caused confusion among consumers who are likely to believe that Defendants' art gallery and store is affiliated with or sponsored by Plaintiff." Id. at ¶ 60. Public Works brings claims for trademark infringement under 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a); trademark dilution and deceptive trade practices under New York law; and unfair competition and trademark infringement under New York common law.

## Legal Standards

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556

4

U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements
of a cause of action, supported by mere conclusory statements,
do not suffice." Id. The purpose of a motion to dismiss is
"merely to assess the legal feasibility of the complaint, not to
assay the weight of the evidence which might be offered in
support thereof." Eternity Glob. Master Fund Ltd. v. Morgan
Guar. Tr. Co. of N.Y., 375 F.3d 168, 176 (2d Cir. 2004)
(internal quotations and citations omitted).

When evaluating a motion to dismiss, the Court construes
the complaint liberally and must accept all factual allegations
as true and draw all reasonable inferences in the plaintiff's
favor.  E.g., Biro v. Conde Nast, 807 F.3d 541, 544 (2d Cir.
2015); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.
2002). The Court may not consider extrinsic material on a motion
to dismiss; it may only consider facts alleged in the Amended
Complaint, which includes written exhibits attached to it and
"any statements or documents incorporated in it by reference."
E.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 152, 154 (2d
Cir. 2002).

## Discussion

### I.   Personal Jurisdiction

Sirico and Black argue that Public Works has failed allege
personal jurisdiction over them because they cannot be held

5

liable for the actions of Public Works. [2] They further claim that this Court's jurisdiction over PWA does not confer jurisdiction over Sirico and Black by nature of their relationship to PWA. At core, those arguments go to the personal liability of Sirico and Black—not personal jurisdiction. Nonetheless, the Court will conduct a brief personal jurisdiction analysis.

Construing the Amended Complaint in favor of Public Works, Public Works has made a prima facie showing that the Court has personal jurisdiction over both Sirico and Black. See DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001). In federal question cases, including claims for trademark infringement, the courts' inquiry into personal jurisdiction begins with the forum state's long arm statute, here New York. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 164 (2d Cir. 2010); Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 646 (S.D.N.Y. 2008). While the Amended Complaint does not allege that Sirico and Black are domiciled in New York, it does allege that they are residents of New York, and personally founded and operate a business in New York. Those alleged facts provide this Court with specific jurisdiction over Sirico and Black under New

---

[2] Sirico and Black raise that argument in their Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim and not in Fed. R. Civ. P. 12(b)(2) motions to dismiss for lack of personal jurisdiction. Nonetheless, the Court will consider those arguments.

York law. N.Y. C.P.L.R. § 302(a); Chloe, 616 F.3d at 164; see Giannetta v. Johnson, 2021 WL 2593305, at *6 (S.D.N.Y. June 24, 2021).

Once jurisdiction is established under New York law, the Court must ensure that jurisdiction comports with the constitutional requirement of due process. Due Process "has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." Chloe, 616 F.3d at 164. To determine whether Sirico and Black have the requisite minimum contacts, the Court looks to the totality their contacts with New York and considers whether they have "purposefully availed" themselves of the privileges of conducting activities in New York. Id. To determine reasonableness, the Court asks "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'" and must consider five factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." Id.

Due process is satisfied here. The Amended Complaint has alleged that both Sirico and Black live in New York and

participate in the daily operations of a New York-based business that they founded; they have clearly purposefully availed themselves of the privileges of New York. Jurisdiction is also reasonable—neither Sirico nor Black raise any burdens that New York jurisdiction would impose on them; New York has a strong interest in adjudicating a case where the complained of conduct occurred; both Public Works and the interstate judicial system will benefit from the efficient resolution of this case in New York, where evidence and discovery will be easily collected; and there is no reason the shared interest of the states will not be advanced by litigating the case in New York. Thus, the Court has personal jurisdiction over both Sirico and Black.

## II.  **Personal Liability**

Both Sirico and Black may be held personally liable for the claims alleged. Sirico and Black argue that there can be no personal liability in this case because PWA is an LCC and any purported harm or damages should be assigned to PWA alone, unless Public Works pierces the corporate veil. E.g., Sirico Motion to Dismiss ("Sirico MTD") (Dkt. No. 36) at 11.

But Sirico and Black invoke the incorrect legal standard regarding personal liability for trademark infringement. "It is well established in the Second Circuit that 'under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition if the officer is

8

a moving, active[,] conscious[,] force behind [the defendant corporation's] infringement.'" Chloe v. Queen Bee of Beverly Hills, LLC, 2011 WL 3678802, at *4 (S.D.N.Y. Aug. 19, 2011) (alterations in the original) (collecting cases). Thus, if an individual is a clear participant in the infringing behavior or makes all the business decisions for the company accused of infringement, then that individual may be personally liable. E.g., Id. at * 5 (collecting cases).

The Amended Complaint alleges that Black and Sirico are the founders, owners, and operators of PWA. Am. Comp. at ¶ ¶ 11, 47, 49. The Amended Complaint further alleges that PWA advertises that "PWA is Sam Black and Alison Sirico." Id. at ¶ 45. And, the Amended Complaint alleges that Sirico and Black "caused" the trademark infringment at issue. Id. at ¶ 54. Taking the facts in the light most favorable to Public Works, the Amended Complaint has adequately alleged Sirico and Black were the moving force behind the infringement.

Public Works need not pierce the corporate veil to hold Sirico and Black liable for the remaining claims. The Amended Complaint alleges that Sirico and Black committed the torts in their individual capacities and is seeking to hold them directly liable—not liable simply by their affiliation with PWA. As such, Sirico and Black may be held liable. See e.g., KatiRoll Co. v. Kati Junction, Inc., 33 F. Supp. 3d 359, 370 (S.D.N.Y. 2014)

9

(holding that individual employees could be liable for common law unfair competition, state statutory infringement and unfair competition claims, and federal trademark and unfair competition claims); Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc., 64 F. Supp. 3d 494, 515 (S.D.N.Y. 2014) (holding individuals liable for state statutory claims of trademark infringement and unfair competition).

## III. **Merits**

A. Trademark Infringement, False Designation of Origin under Federal Law; Trademark Infringement under New York Common Law

"'A claim of trademark infringement ... is analyzed under [a] familiar two-prong test[.] ... The test looks first to whether the plaintiff's mark is entitled to protection, and second to whether [the] defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods.'" Savin Corp. v. Savin Grp., 391 F.3d 439, 456 (2d Cir. 2004) (alterations in the original) (internal citations omitted). As the elements and standards for federal trademark infringment are the same as for unfair competition and false designation of origin under federal law, and trademark infringment under New York common law, they may be analyzed together. Lorillard Tobacco Co. v. Jamelis Grocery, Inc., 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) ("It is well-established that

10

the elements necessary to prevail on causes of action for

trademark infringement and unfair competition under New York

common law "mirror the Lanham Act claims."); Twentieth Century

Fox Film Corp. v. Marvel Enters., Inc., 220 F.Supp.2d 289, 297

(S.D.N.Y. 2002) ("It is well settled that the standards for

false designation of origin claims under Section 43(a) of the

Lanham Act (15 U.S.C. § 1125) are the same as for trademark

infringement claims under Section 32 (15 U.S.C. § 1114).").

1. Trademark Protection

PWA, Sirico, and Black allege that the Public Works Mark

does not have trademark protection because it is not distinct.

"Whether the mark is entitled to protection depends on whether

it is inherently distinctive or, if merely descriptive, has

acquired 'secondary meaning.'" Arrow Fastener Co. v. Stanley

Works, 59 F.3d 384, 390 (2d Cir. 1995). "Whether the mark is

registered bears on whether it is distinctive and enjoys

protection." Id. Here, the Public Works Mark has a registered

trademark for an art gallery and online art gallery has been

registered for more than five years. When a mark has been

registered for over five years, its registration is

"incontestable and conclusive evidence of Public Work's

exclusive right to use the Mark in commerce." Gruner + Jahr USA

Pub., a Div. of Gruner + Jahr Printing and Pub. Co. v. Meredith

Corp., 991 F.2d 1072, 1076 (2d Cir. 1993) (citing 15 U.S.C. §

11

1065, 1115(b)). That incontestable registration defeats any
defense that a mark is not entitled to protection because it is
descriptive and not distinct. E.g., id.

The Mark has also been registered for retail use since May
2022. While that registration is not incontestable because it
has not been registered for more than five years, its
registration provides a prima facie case for trademark
protection. Gruner, 991 F.2d at 1076 (The Lanham Act "provides
that a mark registered by its owner shall be prima facie
evidence of the registrant's exclusive right to use the mark in
commerce on the product."). "As such, when a plaintiff sues for
infringement of its registered mark, the defendant bears the
burden of production and persuasion to rebut the presumption of
ownership." Hypnotic Hats, Ltd. v. Wintermantel Enterprises,
LLC, 335 F. Supp. 3d 566, 581 (S.D.N.Y. 2018). Sirico, Black,
nor PWA have put forth any evidence to rebut that prima facie
case for protection. Therefore, the Mark is entitled to
protection for an art gallery, online art gallery, and retail.

2. Customer Confusion

PWA, Sirico, and Black argue that Public Works did not
plead likelihood of confusion. Public Works Mark is not
distinct, is not identical to the Public Works Administration
Mark, and does not cover the same products. "'Likelihood of
confusion includes confusion of any kind, including confusion as

12

to source, sponsorship, affiliation, connection, or identification.'" Star Indus., Inc. v. Bacardi & Co., 412 F.3d 373, 383 (2d Cir.2005). To determine likelihood of confusion, courts in this circuit consider the factors established in Polaroid: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market.  Id. (citing Polaroid Corp. v. Polarad Elec. Corp., 287 F.2d 492, 495 (2d Cir. 1961)).

Balancing those factors is a fact-intensive analysis that is generally inappropriate for a motion to dismiss. E.g., IGT v. High 5 Games, LLC, 2019 WL 1651608, at *4 (S.D.N.Y. Mar. 29, 2019); The Name LLC v. Arias, 2010 WL 4642456, at *5 (S.D.N.Y. Nov. 16, 2010). However, PWA claims that there can be no confusion because Public Works Mark is not distinct, is not identical to the Public Works Administration Mark, and does not cover PWA's activities. The gravamen of defendants' argument is that PWA is not an art gallery—instead, it is a public space displaying NFTs, which does not sell any products and that

difference in function prevents any consumer confusion as a matter of law. Those arguments challenge the first three polaroid factors.

The first factor, the strength of the Public Works Mark, favors Public Works. A mark's strength is a function of its distinctiveness. "As such, the inquiry into the strength of the trademark dovetails with the threshold question of whether the mark is entitled to protection at all—and the two issues are often analyzed jointly for that reason." Classic Liquor Importers, Ltd. v. Spirits Int'l B.V., 201 F. Supp. 3d 428, 442 (S.D.N.Y. 2016). As discussed supra, the Mark is presumptively strong and entitled to protection. However, this presumption "can be overcome by showing that a registered mark is generic or is descriptive without secondary meaning." Id. Defendants do not counter this presumption. [3]

The second factor, similarity, favors Public Works. PWA, Sirico, and Black argue that the marks are not "identical;" however, the marks need not be identical to be similar. Instead, "To apply this factor, courts must analyze the mark's overall impression on a consumer, considering the context in which the

---

[3] Defendants offer evidence that the Mark is not strong because another "more famous" business labels itself as "public works." Those facts are inappropriate to consider on a motion to dismiss, where the Court is limited to the facts alleged in the Amended Complaint and those incorporated by reference.

marks are displayed and 'the totality of factors that could cause confusion among prospective purchasers.'" E.g., Classic Liquor Importers, Ltd. v. Spirits Int'l B.V., 201 F. Supp. 3d 428, 442 (S.D.N.Y. 2016). To determine whether word marks are similar, "courts begin by examining their text, typeface, and general appearance." Id. Here, the text of the two marks is the same (each states, "Public Works"), the type face is similar (though not identical), both marks are composed of capital letters, and the same black and white color scheme. Public Works has pled enough facts to support similarity.

The third factor, proximity, inquires into the "the nature of the products themselves and the structure of the relevant market, including the manner in which the products are advertised, and the channels through which the goods are sold." Juicy Couture, Inc. v. Bella Int'l Ltd., 930 F. Supp. 2d 489, 501 (S.D.N.Y. 2013) (internal citations and quotations omitted). PWA, Sirico, and Black argue primarily that PWA displays NFTs, and as such, it is not an art gallery. Public Works responds that prior to this litigation, PWA held itself out as an art gallery. To support this contention, Public Works puts forth several tweets and websites, authored by PWA, referring to PWA as an art gallery. However, such weighing of that evidence is inappropriate for a motion to dismiss. Although facts may emerge to the contrary, at this stage, Public Works has alleged that

PWA is an art gallery. Accepting the allegations in the Amended Complaint as true, Public Works has alleged proximity.

B. Unfair Competition under New York Common Law

PWA, Sirico, and Black argue Public Work's claim for unfair competition must fail because Public Works has failed to allege bad faith, which is required to sustain that claim. E.g., Lorillard Tobacco Co. v. Jamelis Grocery, Inc., 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) ("a viable common law claim for unfair competition requires an additional showing of bad faith").

Bad faith may be established by allegations of knowledge and willful conduct. Peek & Cloppenburg KG v. Revue, LLC, 2012 WL 4470556, at *6 (S.D.N.Y. Sept. 19, 2012). Public Works alleged that is has received media attention from several national media outlets, including ABC, NBC, and Rolling Stone. Am. Comp. at ¶ 22. Drawing all inferences in favor of Public Works, it is plausible that Sirico and Black saw the "Public Works" logo and therefore had knowledge of the Mark.[4] Public Works further alleged that PWA, Sirico and Black acted

_____

[4] PWA asserts that neither Sirico nor Black could have been aware of the Mark because the Public Works gallery is in Chicago. To support this point, PWA relies on several facts about the Public Works gallery, including its specific location and ownership, that were not included in the Amended Complaint, nor incorporated by reference. As discussed supra, those facts will not be considered on a motion to dismiss but may be considered at a later stage in the litigation.

willfully, as such, Public Works adequately alleged bad faith and a claim for unfair competition under New York law. See WM Int'l, Inc. v. 99 Ranch Mkt. #601, 329 F.R.D. 491, 499 (E.D.N.Y. 2019).

      C. Trademark Dilution under New York § GBL 360-1

PWA, Sirico, and Black argue that Public Works claim for trademark dilution must fail because Public Works has failed to allege a business reputation injury.

To establish a dilution claim under New York law, Public Works must show "(1) that the trademark is truly distinctive or has acquired secondary meaning, and (2) a likelihood of dilution either as a result of 'blurring' or 'tarnishment.'" Eyal R.D. Corp. v. Jewelex New York Ltd., 784 F. Supp. 2d 441, 449 (S.D.N.Y. 2011). "Broadly summarized, a mark is diluted by blurring when a junior user impairs the distinctiveness of a senior user's famous mark. A mark is diluted by tarnishment when a junior user's shoddy product quality or unsavory actions harm the reputation of the senior user." Uber Inc. v. Uber Techs., Inc., 521 F. Supp. 3d 455, 469 (S.D.N.Y. 2021).

Public Works has not alleged facts that PWA's use of the Public Works Mark has tarnished or blurred the reputation of Public Works. As such, the claim for trademark dilution under New York law is dismissed with leave to replead.

      D. Deceptive Trade Practices under New York GBL § 349

PWA, Sirico, and Black argue that the claim for deceptive trade practices under New York law must fail because Public Works did not allege the required public harm to consumers. Gucci Am., Inc. v. Duty Free Apparel, Ltd., 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) ("when a competitor raises a § 349 claim, '[i]t is clear that the gravamen of the complaint must be consumer injury or harm to the public interest.'") (alteration in the original) (internal citations omitted).

Public Works counters that there is public harm from acts or practices which undermine a consumer's ability to evaluate his or her market options and make a free and intelligent choice. However, that harm is a result of trademark infringment, and "'infringement claims are not cognizable under the[ ] statute[ ] unless there is a specific and substantial injury to the public interest over and above the ordinary trademark infringement or dilution.'" E.g., Ideavillage Prod. Corp. v. Longteng, 2022 WL 2467731, at *3 (S.D.N.Y. July 6, 2022) (alteration in the original) (quoting Nat'l Distillers Prods. Co., LLC v. Refreshment Brands, Inc., 198 F. Supp. 2d 474, 486–87 (S.D.N.Y. 2002)). "Accordingly, courts in this district have generally held that 'trademark cases are outside the scope of this general consumer protection statute.'" E.g., id (internal citations omitted). Public Works has failed to allege any additional injury outside of an injury to consumers resulting

18

from trademark infringement. As such, the claim for deceptive

practices under New York law is dismissed with leave to replead.

So ordered.

Dated:    New York, New York
          September **5**, 2023

                              Louis L. Stanton
                              LOUIS L. STANTON
                              U.S.D.J.

19