UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PUBLIC WORKS, INC.,

        Plaintiff,

-vs-

PUBLIC WORKS ADMINISTRATION LLC,
ALISON SIRICO D/B/A PUBLIC WORKS
ADMINISTRATION, AND ADEEL MIRZA A/K/A
SAM BLACK D/B/A PUBLIC WORKS
ADMINISTRATION,

        Defendants.

---

Case No.: 1:23-cv-00394-LLS

## [PROPOSED] JOINT DISCOVERY PLAN

Pursuant to this Court's Order for Conference Pursuant to Rule 16(b) (Doc. 62), Plaintiff Public Works Inc. ("Plaintiff") and Defendants Public Works Administration LLC, Alison Sirico, and Adeel Mirza a/k/a Sam Black ("Defendants" and collectively with Plaintiff, the "Parties"), hereby submits the following proposed scheduling order.

1.    The Rule 26(f) Conference was held on October 6, 2023. Appearing for the Plaintiff was Richard M. Scherer, Jr. and Scott E. Thompson. Appearing for the Defendants was Yamina-Sarah Chekroun. The Parties agreed initial disclosures under Rule 26(a) would be made by October 20, 2023.

2.    Plaintiff asserts that each of its claims arise out of its federally registered and incontestable trademark, "PUBLIC WORKS", for use in connection with a brick-and-mortar art gallery as well as an online art gallery and retail store. Pursuant to its Second Amended Complaint, Plaintiff seek damages and injunctive relief related to Defendants operation of an art gallery under the name "Public Works Administration." On September 6, 2023 (Doc. 55), this Court entered an

opinion and order granting in part and denying in part the motions to dismiss with leave to replead. On September 22, 2023, Plaintiff filed a Second Amended Complaint, which withdrew the dismissed claims for deceptive trade practices and trademark dilution and proceeded on its four (4) causes of action alleging, *inter alia*, trademark infringement under 15 U.S.C. § 1114 and New York common law and unfair competition pursuant to 15 U.S.C. § 1125 and New York common law. On October 6, 2023, Defendants filed Answers to the Second Amended Complaint, denying the allegations and asserting various affirmative defenses.

Defendants assert that they are not infringing on Plaintiff's "PUBLIC WORKS" asserted Mark and dispute the core elements on Plaintiff's claims and have defenses as raised in their Answer, in addition to any other defenses and issues that may be revealed in discovery. Further, Public Works claims (and must prove) that there is likelihood of confusion, even though, among other things: (i) Defendants services are prominently marked as PUBLIC WORKS ADMINISTRATION and are visually distinguishable from Plaintiff's PUBLIC WORKS asserted Mark (ii) the services are offered free of charge and in completely different trade channels as Public Works operates in Chicago and Public Works Administration operates in a New York City MTA Subway station; (iii) there appears to be no evidence of actual customer confusion in the marketplace; and (iv) any alleged infringement was not in bad faith. Defendants further respond that their conduct has not and will not cause harm to Plaintiff.

3. The Parties propose the following scheduling:

    a. Plaintiff intends to depose Defendants Alison Sirico and Adeel Mirza a/k/a Sam Black in their individual capacities. Plaintiff additionally intends to depose a corporate representative of Defendant Public Works Administration LLC. Defendant intends to depose Chris Eichenseer and Annika Welander and a

corporate representative of Public Works Inc. The Parties will complete these depositions by August 2, 2024.

b. The Parties will complete all document production by July 12, 2024.

c. Plaintiff will serve their expert reports, in compliance with the Federal Rules of Civil Procedure 26, by May 10, 2024. Any expert reports offered in rebuttal will be served, in compliance with the Federal Rules of Civil Procedure 26, by June 14, 2024. All expert depositions will be completed by July 12, 2024.

d. The parties intend to complete all discovery, excluding depositions, no later than July 12, 2024.

e. Plaintiff will supply its pretrial order materials to Defendants no later than August 16, 2024.

f. The Parties will submit a pretrial order in a form conforming with the Court's instructions, together with trial briefs and proposed voir dire questions and proposed jury instructions, by September 6, 2024.

g. The final pre-trial conference will occur on _Friday Oct. 4, 2024 at 12:30 P.M._

4. The Parties expect to seek a Protective Order regarding the production of any proprietary business information, including trade secrets and financials.

5. The Parties do not have any discovery disputes at this time. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.

6. Plaintiff anticipates disclosing a survey expert related to likelihood of confusion as well as a damages expert. Defendant does not intend to have any expert witnesses.

Trial Monday Oct. 7, 2024

7.      Defendants have demanded a jury trial in their Answer. The Parties anticipate this matter will take five (5) days before a jury.

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

| **LIPPES MATHIAS LLP** | **YAMINA-SARAH CHEKROUN PLLC** |
|---|---|
| */s/Richard M. Scherer, Jr.*<br>Richard M. Scherer, Jr.<br>50 Fountain Plaza, Suite 1700<br>Buffalo, New York 14202<br>P: 716-853-5100<br>E: rscherer@lippes.com | */s/ Yamina-Sarah Chekroun*<br>Yamina-Sarah Chekroun<br>1030 15th Street, Unit 300<br>Miami Beach, FL, 33139<br>P: 347-986-4426<br>E: sara@sarachekroun.com |
| */s/Scott E. Thompson*<br>Scott E. Thompson<br>260 Madison Avenue<br>17th Floor<br>New York, New York 10016<br>P: 332-345-4500, extension 1<br>E: sthompson@lippes.com | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | |

*Louis L. Stanton*
Hon. Louis L. Stanton
United States District Judge

December 1, 2023